LZ:CM
F. #2026R00769

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

UNITED STATES OF AMERICA

- against -

JAHSYIA FIGUEROA,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANT

(18 U.S.C. § 2252(a)(2))

No. 26-MJ-196

EASTERN DISTRICT OF NEW YORK, SS:

Julia Stellin, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

In or about January 2026, within the Eastern District of New York and elsewhere, the defendant JAHSYIA FIGUEROA did knowingly and intentionally distribute one or more visual depictions using a means and facility of interstate and foreign commerce, which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Section 2252(a)(2))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). As a Special Agent, I have been involved in the investigation of numerous cases involving violations of criminal law relating to the sexual exploitation of children, including the production, distribution, transportation, receipt, and possession of child pornography, also referred to as child sexual abuse material ("CSAM").[2]

2. I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

3. In October 2026, law enforcement arrested an individual, whose identity is known to the affiant ("Individual 1"), on a criminal complaint charging Individual 1 with possession of CSAM, in violation of 18 U.S.C. § 2252(a)(4)(B).

4. Following Individual 1's arrest, law enforcement agents advised Individual 1 of his/her Miranda rights, after which Individual 1 orally waived his/her rights and agreed to speak with law enforcement agents.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The term "child pornography" is defined as set forth in 18 U.S.C. § 2256(8), which, in pertinent part, states that "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. . . ." 18 U.S.C. § 2256(8); see Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (analyzing constitutional validity of the definitions set forth in 18 U.S.C. § 2256(8)).

5. During the interview, Individual 1 admitted, in sum and substance, that s/he had produced a video depicting a child later identified as Minor Victim 1 ("Video-1") and distributed it to one or more other persons by text message.

6. Shortly after Individual 1's arrest, law enforcement seized and searched two cell phones pursuant to a search warrant authorized by the Honorable James R. Cho, United States Magistrate Judge on October 14, 2026, that Individual 1 had identified as his/her own cellphones. *See* 26-MC-412. On Individual 1's cell phones, law enforcement agents identified Video-1. Law enforcement agents also identified numerous other videos containing CSAM.

7. I have reviewed Video-1. Video-1 depicts a young female child with a distinctive hairstyle and shirt, later identified as Minor Victim 1, lying face down on a couch with her buttocks exposed. The hand of an adult person then further lowers Minor Victim 1's pants, and the camera focuses on Minor Victim 1's exposed buttocks.

8. Based on records obtained from Individual 1's cell phones, on September 19, 2026, Video-1 was sent via text message from Individual 1's cell phone to the email address jjr947545@gmail.com, which, according to Google records, is subscribed to JAHSYIA FIGUEROA (the "FIGUEROA Email"). The FIGUEROA Email responded: "I need that wtf" and "I'm valid to slide?" The Individual 1's cell phone responded: "I want u to fuck her," and the FIGUEROA Email stated: "Fuck send me a addy close by u lemme see how much."

9. During my review of Individual 1's cell phones, I also viewed additional videos depicting CSAM ("Video-2" and "Video-3"). Video-2 depicts an adult man grabbing and spreading the buttocks of a young child ("Minor Victim 2") so that the anus and vaginal areas are partially visible. Minor Victim 2 appears to be a prepubescent [redacted] child of approximately four years of age. Video-3 depicts an adult man performing oral sex on a child

who appears to be Minor Victim 2. During the interview of Individual 1, Individual 1 indicated, in sum and substance, that the man depicted in Video-2 and Video-3 is known to him/her as "Jah." According to Individual 1, "Jah" sent him/her Video-2 and Video-3. Individual 1 indicated that Minor Victim 2 is the man's [redacted].

10. Also on Individual 1's cell phones, law enforcement agents identified text message communications between Individual-1 and a contact listed as "different breed." On or about January 20, 2026 and March 10, 2026, "different breed" sent Video-2 and Video-3, respectively, to Individual 1 via a mobile messaging application. After receiving Video-2 Individual 1 asked "different breed" in the messaging application "[w]hy u never stuck your dick in your [redacted]." "Different breed" responded, "My shxt huge . . . compared to my lil baby [redacted] it was."

11. I have compared the man depicted in Video-2 to known photographs of FIGUEROA. Based on the visual identification, my knowledge of the investigation, and the context provided by other contemporaneous text messages, there is probable cause to believe the man depicted in Video-2 is FIGUEROA. A distinctive bracelet is also visible on the man in Video-2 and Video-3, showing the same adult was in both videos. Law enforcement records indicate FIGUEROA has a [redacted] of approximately the same age as the apparent age of Minor Victim 2. Accordingly, there is probable cause to believe that FIGUEROA violated 18 U.S.C. § 2252(a)(2) by distributing one or more digital videos containing CSAM to Individual 1.

12. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. The defendant is currently at liberty. I believe that sealing these documents is necessary to preserve the integrity of this ongoing criminal investigation. Based

upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the Internet. Therefore, premature disclosure of this affidavit and related documents may seriously jeopardize the investigation, including by giving the defendant an opportunity to flee from prosecution, destroy or tamper with evidence, and change patterns of behavior.

13. The government seeks permission to maintain this complaint under seal and, following any unsealing application, to publicly file a version of this complaint redacting all mention of the defendant's [redacted]. A redacted filing would protect the child from public disclosure of her identity. See 18 U.S.C. § 3509(d)(3)(A). Indeed, courts routinely preclude reference to the names of victims in sexual assault cases. See, e.g., United States v. Griffith, 284 F.3d 338, 342 n.1 (2d Cir. 2002) (referring to minor victims recruited into prostitution by only their first names in order to comply with 18 U.S.C. § 3509); United States v. Kelly, No. 07-CR-374 (SJ), 2008 WL 5068820, at *2 (E.D.N.Y. Jul. 10, 2008) (granting protective order with respect to victims' names in sex trafficking case including those who were no longer minors).

WHEREFORE, your deponent respectfully requests that an arrest warrant issue so that the defendant JAHSYIA FIGUEROA can be dealt with according to law.

Julia Stellin
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
28th day of October, 2026 by telephone

James R. Cho
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK